IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00177-CR

 

Gary Don Wright,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court # 2002-790-C

 



MEMORANDUM 
Opinion



 

          A
jury convicted Gary Don Wright of aggravated sexual assault.  Wright pleaded “true” to an enhancement
allegation, and the jury sentenced him to life imprisonment.








Wright contends in his sole issue that the
evidence is legally insufficient to prove that the complainant did not consent
on the occasion in question.  Because we
disagree, we will affirm.

          In
reviewing a claim of legal insufficiency, we view all of the evidence in a
light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential element beyond a reasonable doubt.  Jackson v. Va.,
443 U.S.
307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed.
2d 560 (1979); Sells v. State, 121 S.W.3d 748, 753-54 (Tex.
Crim. App. 2003).  “The jury is the
exclusive judge of the credibility of witnesses and of the weight to be given
their testimony.”  Wyatt v. State,
23 S.W.3d 18, 30 (Tex.
Crim. App. 2000) (quoting Barnes v. State,
876 S.W.2d 316, 321 (Tex. Crim. App. 1994)).

          Here, the jury had to decide whether
it believed the complainant Toni Smith’s version of the events or
Wright’s.  Smith testified that Wright
forced her at knifepoint to accompany him to a remote area where he sexually
assaulted her multiple times.  A rape
examination corroborated Wright’s assertion that Smith was forcibly sexually
assaulted.  Smith’s cousin testified that
Smith came to her house after the assault, that her clothing and hair were in a
state of disarray, and that she was upset.

          Conversely, Wright testified that he
purchased a rock of crack cocaine and a marihuana cigar for Smith.  According to Wright, Smith smoked the rock,
and then the two of them smoked the cigar. 
Smith directed Wright to a secluded area and encouraged him to have
sexual intercourse with her.  Wright
denied threatening Smith with a knife.

          “[R]econciliation of conflicts in the
evidence is within the exclusive province of the jury.”  Wyatt,
23 S.W.3d at 30 (quoting Losada v. State,
721 S.W.2d 305, 309 (Tex. Crim. App. 1986)). 
Here, the jury heard conflicting evidence about whether the encounter
between Wright and Smith was consensual. 
The jury chose to accept Smith’s version of the events over Wright’s.




Accordingly,
we conclude that the State presented legally sufficient evidence to prove that
Smith did not consent.  Thus, we overrule
Wright’s sole issue and affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion delivered and filed December 29, 2004

Do not publish

[CRPM]






parties’ presentation of their discovery dispute. I cannot. I will not. 
I do not.
      The procedure set out in the rules and case law is there for a reason. The procedure allows
the trial court to make timely rulings based upon objections made and evidence that has been
presented. The rulings will either allow or limit discovery. By this procedure, all parties know
what the ruling of the trial court is and the basis for it. An aggrieved party may pursue an adverse
ruling by appeal or, in an appropriate case, by petition for writ of mandamus.
       The entire process is, however, dependent upon compliance with the basic procedures. The
parties in this instance have so far departed from procedures required by the rules and this Court’s
prior opinions that I cannot determine, on this record, whether the trial court abused its discretion
in denying the requested discovery, nor whether there is an adequate remedy at law. Accordingly,
I would deny the petition on this basis. I would further expressly note that the denial is without
prejudice to either party’s pursuit of rulings on objections timely made and requiring proof of
privileges timely asserted pursuant to the applicable rules of discovery, or to other relief as may
be appropriate. I see nothing in the majority opinion that prevents the parties from revisiting these
issues.
      Finally, because the majority has addressed the merits of the offensive-use doctrine, I add that
I do not agree that, on this record, the trial court did not abuse its discretion in failing to order the
production of some of the documents sought to be protected; nor do I agree with the majority’s
determination that LWCC’s remedy by appeal is adequate. To say more, at this juncture, would
not be prudent, because it may have the effect of disclosing the contents of documents for which
a privilege has been asserted but not proven.

                                                                   TOM GRAY
                                                                   Justice

Concurring opinion delivered and filed August 4, 2003
[OT06]